IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RALPH DOUGLAS COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-07-875-M |
| ) | |
| GRADY COUNTY DETENTION ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Ralph Cox alleges unconstitutional conditions of confinement at the Grady County Detention Center. According to the Plaintiff, he suffered from:

- a delay in medical treatment,

- a delay in transfer from the general population, and

- the presence of mold in the shower and cells.

*See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-5 (Aug. 6, 2007) ("Complaint").[1] Defendants Shane Wyatt, Rochelle McConnel, and Larry McGill move for summary judgment, and the Court should grant the motion.[2]

---

[1]  In the complaint, Mr. Cox mentioned a problem with his hand and stated that prison officials had allowed an inmate with Hepatitis-C to serve food. Complaint at pp. 4, 8. But Mr. Cox later said that he had not intended to seek liability regarding the hand problem or food service by a prisoner with hepatitis. *See* Deposition of Ralph D. Cox at pp. 30-32 (Feb. 5, 2008) ("Deposition of Ralph Cox").

[2]  The Grady County Detention Center also moves for summary judgment. But the undersigned separately recommended dismissal of the claims against the detention center. Report and Recommendation on the Claims Against the Grady County Detention Center (Apr. 3, 2008). The suggested ruling would moot the Grady County Detention Center's summary judgment motion.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

CONDITIONS OF CONFINEMENT

Mr. Cox alleges constitutional violations involving delay in medical treatment and transfer, and mold in the shower and cells. *See supra* p. 1; *infra* pp. 2, 5. Defendants Wyatt, McConnel, and McGill are entitled to summary judgment on all of the claims.

I.   <u>Deliberate Indifference to a Serious Medical Need</u>

In part, the Plaintiff alleges deliberate indifference through a delay in medical treatment and transfer from the general population. Complaint at pp. 2-6; *see supra* p. 1. The material facts are not in dispute, and Messrs. Wyatt and McGill and Ms. McConnell are entitled to summary judgment on these claims.

All parties agree that Mr. Cox had:

- requested medical treatment for bleeding "sores,"
- received successful treatment within a week of his request,

- did not experience harm from the alleged delay in medical treatment, and

- obtained transfer from the general population roughly one day after he had requested the move.

*See* Defendants' Motion for Summary Judgment and Brief in Support at pp. 3-4 (Feb. 20, 2008) ("Defendants' Motion for Summary Judgment"); Deposition of Ralph Cox at pp. 15, 17, 19-20, 25-26, 28-30.[3] From these facts, the Defendants deny the existence of evidence involving substantial harm from the delay in medical treatment or transfer. Defendants' Motion for Summary Judgment at pp. 13-17. The Defendants are correct.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[4] As a result, deliberate indifference to a prisoner's serious illness or injury is actionable under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official violates the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, a delay in medical care violates the Eighth Amendment only if the passage of time had resulted in substantial harm. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). "[T]he substantial harm requirement may be satisfied by lifelong

---

[3] Mr. Cox did not dispute any of these statements in his response to the motion for summary judgment. *See* Answer to (Dkt38) & (Dkt39), *passim* (Mar. 6, 2008) ("Plaintiff's Response").

[4] Because the Plaintiff was a pretrial detainee at the relevant time, his claims are governed by the Fourteenth Amendment's Due Process Clause. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The scope of this protection is coextensive with the Eighth Amendment. *See id.*

handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (citations omitted).

The Plaintiff's version of events would not create liability because of the absence of substantial harm from delay in the treatment or transfer.

The Defendants present unrebutted evidence that a physician had examined Mr. Cox within a week of the Plaintiff's request for medical treatment. Defendants' Motion for Summary Judgment, Exhibit 3; *see supra* pp. 2-3. The physician diagnosed Mr. Cox with "[c]ellulitis" and prescribed medication and ointment. Defendants' Motion for Summary Judgment, Exhibit 3. According to Mr. Cox, the treatment was successful and he did not experience any harm from the delay. The testimony was:

> Q. As we just talked about, your basic complaint is that it took too long to get medical treatment; correct?
>
> A. Correct.
>
> Q. Have you suffered any harm as a result of this one week delay in receiving medical treatment?
>
> A. No.
>
> Q. Did you suffer any physical pain as a result of waiting?
>
> A. No.
>
> Q. Okay. Any personal injury?
>
> A. No.
>
> Q. Any permanent handicap or injury?

> A. No.
>
> Q. In fact once you received medical treatment your condition was cleared up?
>
> A. Yes.
>
> Q. It took care of your problem?
>
> A. Yes.

Deposition of Ralph Cox at pp. 29-30; *see also id.* at p. 17 (Mr. Cox's deposition testimony stating that the medical treatment took care of the sore).

The Plaintiff also admits that his request for transfer had been based solely on speculation that he could infect other inmates and that authorities moved him to another facility within about a day of his request. *See* Deposition of Ralph Cox at pp. 21-22, 24-25.

The absence of substantial harm to Mr. Cox based on the delay in treatment and transfer is fatal to the Eighth Amendment claim.

II.  Deliberate Indifference to Unhealthy Living Conditions

Mr. Cox also alleges the presence of mold in the detention center's shower and cells. Complaint at p. 5; *see supra* pp. 1-2. Defendants Wyatt, McConnel, and McGill are entitled to summary judgment on this claim.

The Eighth Amendment requires prison officials to "provide an inmate with shelter which does not cause his degeneration or threaten his mental and physical well being." *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980). In determining whether this standard has been met, the Court considers "the frequency and duration of the condition, as well as

the measures employed to alleviate the condition . . . ." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (citations omitted).

Mr. Cox states that inmates were responsible for cleaning of the shower and did "a very good job." Deposition of Ralph Cox at p. 36. Although Mr. Cox adds that the cleaning did not remove all of the mold, he concedes that he has not suffered any physical harm as a result. *Id*.[5] Even under the Plaintiff's version of events, the presence of mold in the shower would not have resulted in "degeneration" or a threat to Mr. Cox's "mental [or] physical well being." *Supra* p. 5 (quoting *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980)).

A similar issue arose in *Dittmeyer v. Whetsel*, 91 Fed. Appx. 111 (10th Cir. Feb. 11, 2004) (unpublished op.). There authorities placed a prisoner in a solitary confinement cell, which "was moldy, filthy, and contained feces on the toilet, floor, and walls." *Dittmeyer v. Whetsel*, 91 Fed. Appx. at 113. The inmate sued under Section 1983, relying in part on the presence of unsanitary conditions in the cell. *See id*. at 112, 114. The federal district court granted summary judgment to the defendants, and the Tenth Circuit Court of Appeals affirmed. *Id*. at 112, 114-15, 120. In affirming, the appeals court relied on the absence of evidence involving a sufficiently serious deprivation under the Eighth Amendment. *Id*. at 119. For this conclusion, the court pointed to the absence of evidence involving actual

---

[5] Plaintiff's Response at p. 2.

injury, such as a serious health risk.  *Id*.; *accord Shrader v. White*, 761 F.2d 975, 984 (4th Cir. 1985).[6]

*Dittmeyer v. Whetsel* is persuasive.  *See* Tenth Cir. R. 36.3(B).  Mr. Cox concedes that the shower is cleaned well and that he has not suffered any harm from the presence of mold.  *See* Deposition of Ralph Cox at pp. 36-37.  In *Dittmeyer*, evidence of mold in the cell was not considered sufficiently serious to survive a summary judgment motion,[7] and the same is true here.  Mr. Cox's bare allegation of mold in the showers does not create a reasonable inference regarding the sort of threat to his mental or physical well being which is necessary for violation of the Eighth Amendment.  *See supra* pp. 5-6.  This Court should grant summary judgment to the Defendants, just as the district court in *Dittmeyer* had done.

III.   Summary

Mr. Cox has not presented evidence of substantial harm from the delay in medical treatment or transfer from the general population.  Likewise, the alleged presence of mold in the shower and cells would not violate the Eighth Amendment.  Consequently, Defendants Wyatt, McConnel, and McGill are entitled to summary judgment on these claims.

---

[6]   In *Shrader v. White*, the plaintiffs alleged unconstitutional conditions of confinement based in part on the presence of mold in prison showers.  *See Shrader v. White*, 761 F.2d at 984.  Authorities paid inmates to clean the facility, and the prisoners could provide no evidence of disease or illness resulting from the mold.  *See id.*  Consequently, the Fourth Circuit Court of Appeals concluded that "the conditions of the showers . . . [did] not, alone or in combination with other conditions, constitute cruel and unusual punishment."  *Id.*

[7]   *See supra* pp. 6-7.

7

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by April 24, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 4th day of April, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge